## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **STEPHAN A. RICKS** | § | |
| | § | |
| **V.** | § | **A-10-CA-185-LY** |
| | § | |
| | § | |
| **TERRELL MURPHY, ET AL.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's More Definite Statement (Clerk's Doc. No. 6). The District Court referred Plaintiff's Motion to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1) to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

In a separate Order entered on April 14, 2010, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* based on Plaintiff's inability to pay. This Court ordered his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). In that same Order, the Court required Plaintiff to file a More Definite Statement, which he did on April 30, 2010.[1]

## I.  FRIVOLOUSNESS REVIEW

In light of the More Definite Statement, and because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under

---

[1] The Magistrate notes that Plaintiff previously filed a suit in the Western District of Texas entitled *Ricks v. Texas Comm'n for the Blind*, A-97-CA-115 (W.D. Tex. May 29, 1998). In that case, Judge Sam Sparks entered summary judgment for the defendants, stating there was no factual or legal bases for Ricks' claims.

28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . ." A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks omitted).

In his More Definite Statement, Plaintiff, who is proceeding *pro se*, alleges that various defendants, all of whom he is suing in their official capacities, have violated his rights pursuant to Title II and Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the Privacy Act of 1974 requiring agencies to make reasonable efforts to assure that records are accurate, timely, and relevant. He also makes claims against all defendants for retaliation, official misconduct, collusion, and violations of his First Amendment right to a full, fair, and complete redress of grievances. Plaintiff adds in additional claims for some defendants. Plaintiff makes an additional claim against Stephanie Slattery for misappropriation of funds, against Greg Abbott and Amanda J. Cochran-McCall for misappropriation of funds, malicious prosecution, and failure to protect Plaintiff's rights, and against Doug Allen and Terry Garcia Crews for violation of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

" '[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." ' *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading

to encompass any allegation which may raise a claim for federal relief.)  Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir.1993).

A.     **Claims Against Defendants Not Named in the More Definite Statement**

In his Complaint Plaintiff names various individuals as defendants.  In his More Definite Statement, Plaintiff makes no allegations, claims or even mention of some of these individuals, and thus he alleges no claims against them whatsoever. Accordingly, the undersigned recommends that the District Judge dismiss the claims against the following originally-named defendants: John Reynolds, Chris Newman, Canzata Crowder, Sylvia Hardman, Ms. Kennedy, Melissa Collins, Andrew Weber, David S. Morales, Robert E. O'Keefe, and Cindy Palmer.

B.     **Individual Capacity Claims**

To the extent Plaintiff intends to sue any of the remaining named defendants in their individual capacities he has failed to state any facts regarding specific claims against these individuals sufficient to survive frivolousness review—he merely alleges general allegations against all.  Therefore, although Plaintiff's intent seems to be to allege only official capacity claims,[2] to the extent Plaintiff alleges individual capacity claims against any defendant, the Magistrate Judge recommends that these claims be dismissed as frivolous as lacking an arguable basis in fact.

C.     **Claims Against the Department of Assistive and Rehabilitative Services Defendants**

Plaintiff, who is blind, asserts that various individuals in their official capacities as employees of the Texas Commission for the Blind and the Department of Assistive and Rehabilitative Services

---

[2] Plaintiff states at the beginning of his Complaint "Plaintiff is suing each defendant in his or her official capacity pursuant to Title II and Title III of the Americans with Disabilities Act, as Amended." *See* Plaintiff's More Definite Statement at p. 1 (Clerk's Doc. No. 6).

3

("the DARS Defendants") failed to provide him with various adaptive services as required by contract and violated his Privacy Act rights by failing to correct and then disseminating incorrect information about him.  He also claims violations of his First Amendment rights to "full, fair, and complete redress of grievances," violations of both Title II and Title III of the ADA, and that he has been denied access to federally funded programs because of his disability in violation of Section 504 of the Rehabilitation Act.  He also makes separate claims of retaliation, official misconduct, and collusion.  Plaintiff names Terrell Murphy, the former Executive Director of the Texas Commission for the Blind and current Commissioner of the Department of Assistive and Rehabilitative Services, Tom Suehs in his official capacity as Executive Commissioner of the Department of Health and Human Services, and Stephanie Slattery as an agent of the Department Assistive and Rehabilitative Services, in conjunction with these claims.  Against Slattery, he makes an additional claim of misappropriation of funds.

In addition to monetary and punitive damages, Plaintiff requests various adaptive equipment including: Humanware Apex Personal Data Assistant, Booksense, Panasonic Digital Recorder, Notebook computer with navigation software, and JAWS or System Access or Window Eyes.  Each of these claims against the DARS Defendants are discussed below.

1.      **ADA and Rehabilitation Act Claims**

Plaintiff asserts various claims pursuant to Title II and Title III of the ADA, as well as Section 504 of the Rehabilitation Act.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her

or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

Although a suit seeking monetary damages is barred by the Eleventh Amendment, that Amendment does not preclude lawsuits against the state that seek only prospective injunctive relief. *See Cozzo v. Tangipahoa Parish Council-President Gov't.* 279 F.3d 273, 280 (5th Cir. 2002). Plaintiff in this case requests adaptive aids which may qualify as prospective injunctive relief under the ADA and Rehabilitation Act.[3] Thus these claims should not be dismissed at this time.

Additionally, it is unclear whether ADA claims against a state actor in his official capacity would be barred by the Eleventh Amendment. *See United States v. Georgia*, 546 U.S. 151, 153-54 (2006) (citations omitted). Plaintiff's real goal in this suit appears to be the receipt of adaptive aids for the blind, and Terrell Murphy in his official capacity as Commissioner of the Texas Department of Assistive and Rehabilitative Services appears to be the proper defendant from whom to garner such relief, and thus such a claim is not patently frivolous on its face.

---

[3]*Ex Parte Young*, 209 U.S. 123 (1908), carves out a narrow exception to Eleventh Amendment immunity by permitting suits for prospective relief against state officials for violations of federal law by those officials. Under *Ex Parte Young*, a plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officials in their official capacities so long as his complaint (a) "alleges an ongoing violation of federal law" and (b) "seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) ("To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect."); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988) ( *Ex Parte Young* exception "enables a federal court to entertain a suit for prospective relief against a defendant state officer upon allegations that he violated federal law, based on the legal fiction that a state officer cannot then be acting pursuant to state authority").

Having reviewed the Plaintiffs' claims, the Court finds that Plaintiff has pled sufficient facts to state an ADA and/or Rehabilitation Act claim or claims, and these claims should not be dismissed as frivolous at this time.  Because the claims are all official capacity claims and thus are suits against the agency itself, the sole appropriate defendant is Terrell Murphy, in his official capacity as Commissioner of the Department of Assistive and Rehabilitative Services.  The ADA and Rehabilitation Act claims against Suehs and Slattery should be dismissed as redundant of the claims against Terrell Murphy.  The Court recommends that service be effected on Murphy for these claims.

## 2.        Constitutional Claims and Other Claims for Monetary Relief

The real party in interest in an official capacity suit is the government entity. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 289 (2d Cir. 2003) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, when Plaintiff sues employees of the Department of Assistive and Rehabilitative Services in their official capacities, requesting monetary damages,[4] he is in fact suing the State of Texas.  The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State.  *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).  An exception to the Eleventh Amendment prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974).  In this case there is no express waiver of the State's sovereign immunity for Plaintiff's alleged constitutional claims.  Thus, the Magistrate

---

[4]"The [E]leventh [A]mendment clearly interposes a jurisdictional bar to suits [brought in federal court] against a state by private parties who seek monetary relief from the state [under 42 U.S.C. §§ 1981, 1983, 1985 and 1986] in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits against a state agency or state official when the monied award is to be paid from the state treasury.*"* Clay v. Texas Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984).

Judge recommends that the District Judge dismiss Plaintiff's First Amendment[5] and Due Process[6] claims as frivolous as Plaintiff has only requested monetary relief for these claims and this remedy is not available.[7]

Plaintiff also brings claims of official misconduct; collusion; and misappropriation of funds (against Slattery only). First, there is no cause of action in Texas that allows recovery for a claim of misconduct or abuse of office against a governmental entity. *See Simpson v. Allen*, 1993 WL 542095 (Tex. App. – Beaumont, 1993) (unpublished). Similarly, there is no cause of action for collusion or for misappropriation of funds. *See Bryant v. Lubbock Independent School Dist*., 2004 WL 884463 (N. D. Tex., 2004) (unpublished). Additionally, sovereign immunity bars these claims. Accordingly, the Magistrate Judge recommends that the District Judge dismiss as frivolous Plaintiff's claims of official misconduct, collusion, and misappropriation of funds against the DARS Defendants.

### 3.    Privacy Act Claims

With regard to the Privacy Act claims, these claims also do not state a cause of action and should be dismissed as frivolous. To allege a violation of the Privacy Act Plaintiff must allege facts indicating that a *federal* agency willfully or intentionally disclosed a "record" within a "system of records," and that the record's disclosure adversely affected him. *Pierce v. Dep't of United States Air Force*, 512 F.3d 184, 187-88 (5th Cir. 2007) (construing 5 U.S.C. § 552a(g)). Plaintiff does not

---

[5]Plaintiff alleges a violation of his First Amendment right to a full, fair, and complete redress of grievances. However, he fails to assert how he was denied access to any grievance procedure.

[6]Plaintiff alleges a failure to protect his rights which could be construed as a Due Process claim.

[7]Plaintiff makes similar claims against the Attorney General of the State of Texas and employees of the State Law Library and they fail for similar reasons.

have a viable claim under the Federal Privacy Act, 5 U.S.C. § 552a, because all his Privacy Act allegations are against state actors. *See Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983) (Privacy Act "applies only to agencies of the United States Government"; comprehensive remedies under Privacy Act foreclose private enforcement through Section 1983 against state officials). Thus the Magistrate Judge recommends that Plaintiff's Privacy Act claims against the DARS Defendants be dismissed.

**4.      Summary**

In summary, the Magistrate Judge recommends that the District Judge dismiss all claims against defendants Murphy, Suehs, and Slattery in their individual and official capacities, with the exception of Plaintiff's official capacity claims for prospective injunctive relief against Murphy brought pursuant to Titles II and III of the ADA and Section 504 of the Rehabilitation Act.

**D.      Claims Against the Attorney General of Texas**

Plaintiff also alleges that Greg Abbott, the Attorney General for the State of Texas, and Assistant Attorney General Amanda J. Cochran-McCall have violated his First Amendment rights to full fair and complete redress of grievances, maliciously prosecuted him, engaged in official misconduct, engaged in misappropriation of funds, engaged in collusion, failed to protect Plaintiff's civil rights pursuant to Section 504 of the Rehabilitation Act of 1973, violated Title II and Title III of the Americans with Disabilities Act, retaliated against him, violated his right to privacy in violation of the Privacy Act, and have failed to correct and have disseminated private and incorrect information about him.

He mainly alleges that as the Texas Attorney General, Abbott "has been notified and made well aware of the activities outlined above in the section entitled 'Plaintiff Stephen A. Ricks' Claims . . . and has been oppressive and negligent in protecting the rights of the Plaintiff involving these

serious issues'" *See* More Definite Statement at p. 9.  Plaintiff's claim seems to be that the Attorney General failed to intervene on his behalf regarding his claims against other entities, and failed to insure that records provided to him by the Department of Assistive and Rehabilitative Services were "accurate, complete, timely, and relevant," and did not deal properly with the "skewed, misrepresented, and exaggerated alleged facts regarding Plaintiff's character disseminated or provided to it by the Department of Assistive and Rehabilitative Services. . . ." *Id.* at p. 4.

Plaintiff has failed to describe any individual acts on the part of Abbott or Cochran-McCall to support an individual capacity claim against them.  With regard to official capacity claims, these also must be dismissed as frivolous.  Plaintiff has stated no basis for which Abbott, in his official capacity as Attorney General, was obligated to intervene on Plaintiff's behalf with his claims against other state or local agencies.  With regard to his other claims, Plaintiff states no set of facts describing any act of official misconduct, violation of First Amendment rights, misappropriation of funds, collusion, violation of Plaintiff's civil rights pursuant to Section 504 of the Rehabilitation Act of 1973, violation of Title II and Title III of the Americans with Disabilities Act, retaliation, violation of his right to privacy, or any failure to correct or dissemination of private and incorrect information about Plaintiff.

Moreover, Plaintiff's claims of First Amendment violations, official misconduct, misappropriation of funds, collusion, and violations of the Privacy Act are frivolous for the same reasons as set forth above relating to the DARS Defendants.

Lastly, the Court addresses Plaintiff's malicious prosecution claim.  In order to advance a claim for malicious prosecution, a plaintiff must demonstrate various elements including the institution or continuation of a legal proceeding, either civil or criminal, or an administrative or disciplinary proceeding, against the plaintiff.  *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203,

207-09 (Tex. 1996).  In this case, Plaintiff has failed to allege any prosecution at all.  Moreover, any waiver of sovereign immunity does not extend to intentional torts under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2); *Harris County v. Cypress Forest Public Utility Dist. of Harris County*, 50 S.W.3d 551, 553 (Tex. App.– Houston [14 Dist.] 2001, no pet.). This claim has no arguable basis in law and is therefore frivolous.

The Magistrate has reviewed Plaintiff's claims against Abbott and Cochran-McCall, and finds all his claims against them are frivolous and should be dismissed.

### E.      Claims Against the Texas State Law Library

Plaintiff also brings various claims against Dale Propp, the Director of the Supreme Court Law Library (the correct name is the "Texas State Law Library").  While asserting the same litany of claims against Propp that Plaintiff has asserted against all other defendants, Plaintiff also asserts he is precluded from using the law library in violation of the ADA as it is not accessible to the blind because the speaking software is antiquated, non-working, and suffers from severe technical problems.  Among other requests for relief, Plaintiff requests a "fully ADA-compliant State Law Library with the most adaptive technologies," and a "fully-trained ADA compliance officer."  *See* More Definite Statement at p. 12.  The Court finds that although Plaintiff's claims are not well-pled and are not limited in time, he has potentially made out an official capacity claim against Prop pursuant to the ADA and/or Rehabilitation Act.  Thus, the Court declines to dismiss these claims against Dale Propp in his official capacity as the Director of the Texas State Law Library.

However, to the extent Plaintiff claims that Propp has violated Plaintiff's First Amendment rights, retaliated against Plaintiff, engaged in official misconduct, engaged in collusion, and violated the Privacy Act, these claims are without factual or legal bases.  Plaintiff identifies no activity he has engaged in that is protected by the First Amendment.  Moreover, any recovery for his claims of

10

official misconduct, retaliation, and violation of his First Amendment rights and collusion are barred by the doctrine of sovereign immunity.  Lastly, the Privacy Act is inapplicable to any entity other than the federal government, and thus is inapplicable to Propp in his official capacity.  Thus all individual and official capacity claims against Propp other than the ADA and Rehabilitation Act official capacity claims should be dismissed as frivolous.

      **F.**    **Claims Against Capital Metro**

Lastly, Plaintiff brings claims against Doug Allen, Interim CEO and President of Capital Metropolitan Transportation Authority ("Cap Metro") and Terry Garcia Crews, General Manager of StarTran, a department of Cap Metro ( the "Cap Metro Defendants").  Plaintiff alleges that he has contracted with Metro Access as his primary mode of transportation due to his disability.  He alleges that new policies have been put in place to charge passengers for "no-shows."  Plaintiff alleges that he has been erroneously charged for unscheduled rides and informed that if payment was not made, his contract with Metro Access would be cancelled.  Plaintiff asserts that he notified Cap Metro authorities of this issue.  He asserts that the Cap Metro authorities did not fully investigate the allegedly cancelled rides and failed to provide him with a fair venue for due process.  He also alleges Fair Debt Collection Act and Fair Credit Reporting Act claims on these same bases.

The Court finds that Plaintiff is attempting to turn a run of the mill fee dispute with Capital Metro into a federal case.  He does not allege that he was discriminated against or not accommodated based upon his disability—merely that he was mistakenly overcharged.  Such a claim is not an ADA claim or Rehabilitation Act claim and should be dismissed as frivolous.  Additionally, to the extent that Plaintiff attempts to articulate a potential Due Process claim against the Cap Metro Defendants, such a claim is also frivolous.  Plaintiff does not describe a constitutional violation—he describes

a billing dispute.  Moreover, he does not claim that he suffered an actual harm and that Cap Metro cancelled his contract.  This claim should be dismissed as frivolous.

Plaintiff's other claims against the CapMetro Defendants should be dismissed as frivolous as well.  With regard to Plaintiff's claims of official misconduct, collusion, retaliation, violations of the First Amendment, Fair Credit Reporting Act, Fair Debt Collection Practices Act, and violations of the Privacy Act, Plaintiff has failed to plead any factual bases for these claims either as official capacity or individual capacity claims.  Additionally as stated above, there is no Texas cause of action for official misconduct or collusion.  Lastly, the Privacy Act does not apply to non-federal agencies.

In summary, the Magistrate recommends that the District Court dismiss all claims against Allen and Crews.

## II.  RECOMMENDATION

The Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) as to the following defendants: John Reynolds, Chris Newman, Canzata Crowder, Sylvia Hardman, Ms. Kennedy, Melissa Collins, Andrew Weber, David S. Morales, Robert E. O'Keefe, Cindy Palmer, Tom Suehs, Stephanie Slattery, Greg Abbott, Amanda J. Cochran-McCall, Doug Allen, and Terry Garcia Crews, .

The Magistrate Judge FURTHER RECOMMENDS that the District Judge DISMISS WITH PREJUDICE all claims against defendants Murphy and Propp in their individual and official capacities with the exception of Plaintiff's official capacity claims for prospective injunctive relief, brought pursuant to Titles II and III of the ADA and Section 504 of the Rehabilitation Act.  The specific claims that would remain if this recommendation is adopted are: (1) Plaintiff's request that Murphy, in his official capacity as Commissioner of the Department of Assistive and Rehabilitative

12

Services, be required to provide Plaintiff with various adaptive aids and technologies for the blind; and (2) Plaintiff's request that Propp, in his official capacity as the Director of the Texas State Law Library, be required to make the State Library ADA compliant with the "most current adaptive technologies" and provide a fully-trained ADA compliance officer.

The Magistrate Judge RECOMMENDS that all other claims against all other parties be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

In the event that the District Judge adopts this recommendation, then IT IS FURTHER RECOMMENDED that the District Judge ORDER the Clerk of the Court to issue summonses to Dale Propp and Terrell Murphy and the United States Marshal commence service of process upon them under Rules 4 and 5 of the Federal Rules of Civil Procedure.  The United States Marshal should serve the named defendants with a copy of Plaintiff's More Definite Statement (Clerk's Doc. No. 6), as well as this Report and Recommendation, and the order of the District Judge acting on this Report and Recommendation.

### III. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

14