IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHAN A. RICKS | § | |
| | § | |
| V. | § | A-10-CA-185-LY |
| | § | |
| TERRELL MURPHY, ET AL. | § | |

## ORDER

Before the Court are: Plaintiff Stephen A. Rick's Motion for Restitution and Motion to Reserve Objection and Motion for Partial Summary Judgment (Clerk's Doc. No. 68), filed February 10, 2011. Defendant has not filed a Response.

**I.     Plaintiff's Motion for Restitution**

Plaintiff asserts that in October 2010, counsel for the Texas Attorney General's Office e-mailed to him a Joint Proposed Scheduling Order and Proposed Agreed Discovery Plan. Plaintiff asserts that he filled out these documents and submitted them to the Court as required by Court Order. Plaintiff claims that the Court then Ordered the parties to fill out the forms again as they had erroneously filled out the undersigned's forms and not those for Judge Yeakel.

Plaintiff asserts that "these negligent actions" which were "not discovered by the Clerk of Court for nearly three months!" caused significant legal harm to Plaintiff and caused him to incur costs in the amount of $17,531.00. He seeks "restitution" in this amount, although it is not clear if he seeks restitution in the form of sanctions on the opposing party or as a payment straight from the Court. What is clear, however, is that Plaintiff requests payment in the form of a cashier's check.

Although Plaintiff is blind, is proceeding pro se, and the Court is well aware of the fact that he is to be held to less stringent pleading standards than a licensed attorney, this does not mean that he is absolved from any responsibility from following the Federal Rules of Civil Procedure and the Local Rules for the Western District of Texas. The proper Scheduling Order for each judge in the

Austin Division of the Western District of Texas can be found at the Court's website (www.txwd.uscourts.gov).  Plaintiff, along with Defendant, has an equal duty to ensure that the proper forms are filed in the case.  Apparently, someone in this case located the incorrect form, and both parties filed that form.  Thus both parties are equally at fault for not double-checking the form.  However, once the error was discovered it was quickly remedied and no legal harm was done. Thus sanctions in the form of restitution are not warranted against any party in this case.  Additionally, to the extent Plaintiff asserts that the Court is at fault for this error, the Court does not award restitution or monetary damages from its diminutive coffers, even if it had made the mistake alleged.  Accordingly, Plaintiff's Motion for Restitution is DENIED.

## II.     Plaintiffs' Motion to Reserve Objection

Plaintiff states in his Motion "blind plaintiff Pro Se Stephan A. Ricks moves this Court to enter an order reserving for later appeal, blind Plaintiff Pro Se's objections to substitution of official made on January 6, 2011 by Defendants Terrell Murphy and Dale Propp's attorney, Nancy K. Juren." Plaintiff is apparently complaining about the Order in which this Court substituted Debra Wanser in her official capacity for Terrell Murphy in his official capacity when Murphy retired from his position as Commissioner of the Texas Department of Assistive and Rehabilitative Services.

The Court simply performed a Rule 25 substitution of an official capacity Defendant.  Such a substitution in no way impinges on Plaintiff's ability to pursue his claims or ability to collect damages should he prevail.  There is no need to enter an order reserving for appeal Plaintiff's objection to this substitution.  Such a request is not only frivolous; it is not cognizable pursuant to the Federal Rules of Civil Procedure.  Plaintiff's Motion to Reserve Objection is DENIED.  Should he wish to assign this order as error in any subsequent appeal, he is free to do so without "reserving" the issue for future appeal.

### III. Plaintiff's Motion for Partial Summary Judgment

Plaintiff next "moves the Court to immediately issue a partial summary judgment against named Defendant Terrell Murphy and Texas Department of Assistive and Rehabilitative Services for all injunctive relief and all monetary damages set forth in blind Plaintiff Pro Se's Original Complaint filed in March, 2010."

The Court notes that what Plaintiff is deeming a "partial summary judgment" is not a motion for summary judgment at all, as it is completely unsupported by any evidence or legal argument; it is simply a request for the Court to enter judgment against Terrell Murphy, who is no longer a named party to this cause of action and the Texas Department of Rehabilitative Services, which is also not a party to the cause of action. Such a request is clearly frivolous and is not a proper motion for summary judgment, and the Court orders that the pleading be STRICKEN.

### IV. Warnings to Plaintiff

The Court has an obligation to protect the orderly administration of justice and can issue injunctive relief to discharge that duty. *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Pursuant to this obligation, the Court may impose sanctions on its own initiative. *See Markwell v. County of Bexar*, 878 F.2d 899, 900, 906 (5th Cir. 1989). Further, a court may impose appropriate sanctions, including attorney's fees and costs, upon a party who files a pleading in violation of Rule 11 of the Federal Rules of Civil Procedure. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 is applicable to all pleadings, whether submitted by an attorney or a pro se litigant. *See Hicks v. Bexar County*, 973 F. Supp. 653, 687 (W.D. Tex. 1997), aff'd, 137 F.3d 1352 (5th Cir. 1997) (collecting cases).

Rule 11 requires all litigants to certify that "the pleading [submitted] is not interposed for any improper purpose, such as harassment, unnecessary delay, or increased costs of litigation." Fed. R.

Civ. P. 11(b)(1).  It is clear Plaintiff has filed numerous pleadings in this case which are without foundation.  This conduct has caused both the Defendants and this Court to expend both time and resources in filing, responding to, and ruling on his pleadings.  Plaintiff's conduct is clearly deserving of sanctions under Rule 11.

In light of Plaintiff's pro se status, the Court declines to impose sanctions at this time.  Plaintiff is however, WARNED, that any similar conduct in the future will result in the imposition of both monetary sanctions and potentially a prohibition on his filing any additional pleadings in this action without first obtaining leave of court.

ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff Stephen A. Rick's Motion for Restitution and Motion to Reserve Objection and Motion for Partial Summary Judgment (Clerk's Doc. No. 68) is DENIED or STRICKEN as set forth above.

SIGNED this 11th day of March, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE